**LARSON SERVICE COMPANY, INC., Plaintiff,**

v.

**H.B. FULLER COMPANY, Defendant.**

No. 85 C 8640.

United States District Court, N.D. Illinois, E.D.

May 19, 1986.

---

Ronald M. Hill, Steven C. Weiss and Associates, Chicago, Ill., for plaintiff.

George A. Hesik, Hinsdale, Ill., for defendant.

ORDER

BUA, District Judge.

Larson Service Company's motion to dismiss H.B. Fuller Company's counterclaim is granted.

Larson was an interstate motor carrier operating pursuant to authority granted by the I.C.C. Larson transported freight for Fuller between the dates of July 7, 1983 and December 21, 1984. Fuller, the shipper, paid the contracted amount to Larson. Later, Fuller brought this counterclaim against Larson seeking a refund of all transportation charges paid to Larson prior to February 4, 1984, the date Larson's tariff allegedly became effective.

The question before this Court is whether the Revised Interstate Commerce Act, 49 U.S.C. § 10101 et seq., confers upon a shipper the right to recover all charges paid to a common carrier on shipments transported prior to the effective date of a carrier's tariff.

This issue was addressed in *Fry Trucking Co. v. Shenandoah Quarry, Inc.*, 628 F.2d 1360 (D.C.Cir.1980). In Fry, the com-

mon carrier transported the shipper's goods to a certain area in which the common carrier did not have I.C.C. authority to service. Consequently, the carrier was operating within that area without a tariff rate on file with the I.C.C. Nevertheless, the shipper paid the common carrier for its services. Later, the shipper brought a counterclaim seeking a refund of these transportation payments. The Fry, court held that the common carrier is not obligated to refund the shipper's payment for services provided to areas in which the common carrier had neither I.C.C. authority nor an established tariff.

This Court adopts the rationale enunciated by the *Fry* court and holds that a shipper does not have the right to recover the transportation charges paid to a common carrier for services performed prior to the tariff becoming effective. To hold otherwise in the instant case would lead to the inequitable result of granting shipper Fuller free transportation services at the expense of Larson.

Accordingly, Larson's motion to dismiss Fuller's counterclaim is granted.